DAVID E. STARRETT AND GRACE I. STARRETT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2957-62. Filed March 26, 1964.

*Howard W. Rea*, for the petitioners.
*Arthur B. Bleecher*, for the respondent.

878

880

OPINION

The law controlling deductibility of the expenses here sought to be deducted is section 213 (a) and (e) of the Internal Revenue Code of 1954.[2] The interpretation of the law by respondent is found in section 1.213-1 (e) (1) (i) and (ii), Income Tax Regs.[3]

---

[2] SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES.

(a) ALLOWANCE OF DEDUCTION.—There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152)—

\*       \*       \*       \*       \*       \*       \*

(e) DEFINITIONS.—For purposes of this section—

(1) The term "medical care" means amounts paid—

(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance) \* \* \*

[3] Sec. 1.213-1 Medical, dental, etc., expenses.

(e) Definitions—(1) General. (i) The term "medical care" includes the diagnosis, cure, mitigation, treatment, or prevention of disease. Expenses paid for "medical care" shall include those paid for the purpose of affecting any structure or function of the body, for accident or health insurance, or for transportation primarily for and essential to medical care. Amounts paid for hospitalization insurance, for membership in an association furnishing cooperative or so-called free-choice medical service, or for group hospitalization and clinical care are expenses paid for medical care. However, premiums paid by a taxpayer under an insurance contract which provides reimbursement for loss of earnings due to accident or illness do not constitute amounts expended for medical care. In the case of a policy providing reimbursement for both loss of earnings and medical expenses, only the pro rata portion of such premium payments which is properly attributable to the coverage for medical expenses will constitute an expense paid for medical care.

(ii) Amounts paid for operations or treatments affecting any portion of the body, including obstetrical expenses and expenses of therapy or X-ray treatments, are deemed to be for the purpose of affecting any structure or function of the body and are therefore paid for medical care. Amounts expended for illegal operations or treatments are not deductible. Deductions for expenditures for medical care allowable under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness. Thus, payments for the following are payments for

Petitioner takes the position herein that because the reason why he underwent psychoanalysis was for the diagnosis of his emotional condition, cure of a specific emotional disease classified as anxiety reaction, mitigation of the effects upon him of such disease, treatment of the underlying causes of his anxiety reaction, and thereby the prevention of further suffering therefrom, his expenses in obtaining his psychoanalysis must be held to have been paid for "medical care" under the statute and therefore the deduction thereof must be permitted. He takes the further position that even though his psychoanalysis was undergone also for the reason that it was a necessary preliminary qualification for his acceptance as a student by the institute, this fact cannot detract from the statutory deductibility of the expense thereof as being for "medical care."

Respondent, on the other hand, takes the position that petitioner's psychoanalysis was obtained by him primarily for the purpose of obtaining an education in psychoanalysis thus rendering the expense thereof nondeductible because of the portion of the above-cited regulation which provides that—

Deductions for expenditures for medical care allowable under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness. * * *

We think petitioner must prevail here. The evidence is clear, believable, and uncontradicted that, whatever other reason petitioner had for undergoing psychoanalysis, he certainly had the intention, as soon as he could afford the treatment, to be thereby relieved of the physical and emotional suffering attendant upon the specific disease from which he had suffered throughout his adult life. In the words of section 213 (e) (1) (A), the amounts paid Drs. Spitz and Steele for their services during the years at issue are clearly "amounts paid for the diagnosis, cure, mitigation, treatment," and "prevention" of a specific "disease" classified by the American Medical Association as anxiety reaction and which amounts were clearly also spent "for the purpose of affecting" the "function of the (petitioner's) body" which controlled the equilibrium of his emotions.

Respondent's use of the word "primarily" in his regulation cannot be extended to the point where an expense, clearly for medical care, may nevertheless become nondeductible merely because the end result thereby sought to be achieved might include an advantage or benefit to the taxpayer in addition to cure or mitigation of a disease, and we

medical care: hospital services, nursing services (including nurses' board where paid by the taxpayer), medical, laboratory, surgical, dental and other diagnostic and healing services, X-rays, medicine and drugs (as defined in subparagraph (2) of this paragraph, subject to the 1-percent limitation in paragraph (b) of this section), artificial teeth or limbs, and ambulance hire. However, an expenditure which is merely beneficial to the general health of an individual, such as an expenditure for a vacation, is not an expenditure for medical care.

think other language contained in the same paragraph of the regulation indicates no such result was intended. Immediately following that portion of the regulation appears the following language which we read to denote the purpose for which the word "primarily" is used—

Thus, payments for the following are payments for medical care: hospital services, nursing services (including nurses' board where paid by the taxpayer), medical, laboratory, surgical, dental and other diagnostic and healing services, X-rays, medicine and drugs (as defined in subparagraph (2) of this paragraph, subject to the 1-percent limitation in paragraph (b) of this section), artificial teeth or limbs, and ambulance hire. However, an expenditure which is merely beneficial to the general health of an individual, such as an expenditure for a vacation, is not an expenditure for medical care.

Clearly the word "primarily" was used with reference to those types of expenditure which by their nature have no more than a remote or general relationship to health or the maintenance thereof. A bill for physicians' services rendered for any of the enumerated statutory purposes is not such.

Our decision in *Arnold Namrow*, 33 T.C. 419 (1959), affd. 288 F. 2d 648 (C.A. 4, 1961), certiorari denied 368 U.S. 914 (1961), is not controlling of the issue here presented. There, this issue was presented as an alternative and decision was for the respondent on the ground of the failure of taxpayer to establish that he was suffering from an illness or disease or that he underwent treatment for the cure, mitigation, etc., of such disease or illness. Here, all of the factual elements necessary under both the statute and the regulations to constitute "medical care" have been proven and found as fact.

Reviewed by the Court.

*Decision will be entered for the petitioners.*

HOYT, *J.*, concurs in the result.

---

TIETJENS, *J.*, concurring: I would simply find that petitioner's payments to the doctors were for the alleviation or cure of a mental illness and accordingly are deductible as medical expenses, and let the case end there.

MULRONEY, TRAIN, DRENNEN, SCOTT, and DAWSON, *JJ.*, agree with this concurring opinion.