**Raymond F. BORGMANN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 24911.**

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1971.

George Bouchard (argued), Laguna Hills, Cal., for petitioner.

Janet Spragens (argued), Atty., Dept. of Justice, Johnnie Walters, Asst. Atty. Gen., Tax Div., K. Martin Worthy, Chief Counsel, Washington, D. C., for respondent.

Before TUTTLE,* ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

For the taxable year 1964, Borgmann sought to deduct a large part of the salary paid, as well as a portion of the cost of room and board furnished, to an employee residing in his home. The deduction was claimed as a medical expense under Sections 213(a) and 213(e) (1) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 213(a), 213(e) (1).[1] The

---

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge, Atlanta, Georgia, sitting by designation.

1. "§ 213. *Medical, dental, etc., expenses.*
    (a) *Allowance of Deduction.*—There shall be allowed as a deduction the fol-

Commissioner disallowed all of the claimed deduction, and the Tax Court upheld the disallowance. Borgmann v. CIR, unofficially reported at 28 T.C.M. 678 (1969). We affirm.

Borgmann does not challenge the Tax Court's findings of fact. Borgmann, who lived alone, suffered a serious heart attack in December 1954. He returned to his work as an engineer in the spring of 1955 and has regularly devoted forty hours per week, though in a more physically limited capacity, to his employment since that time. In February, 1955, he was advised by his physician to obtain nonskilled, live-in help for the dual purpose of seeking medical assistance should the occasion arise and of helping relieve him of some household chores. Acting upon this advice, and shortly thereafter, Borgmann purchased a larger home and employed Mrs. Alice Holtzman. Mrs. Holtzman had received some nursing training when she was a young girl, but she came to Borgmann's attention through her previous employment as a housemaid for an acquaintance of his. Her duties consisted chiefly of making the beds, tidying the house, cooking, and occasionally doing the laundry. On one occasion, she had summoned Borgmann's doctor for an emergency call to the home.

The Tax Court found that these duties, as they were performed in 1964,[2]

were not primarily those of a nurse and thus did not constitute "medical care" within the meaning of Section 213(e) (1) of the 1954 Code. The court relied primarily on testimony of Borgmann and his doctor to the effect that Mrs. Holtzman's primary and most valuable function was to be available to call for medical aid should Borgmann suffer another heart attack, and that it was not contemplated that she, and that she did not in fact, render any medical assistance herself. The Tax Court held that Mrs. Holtzman's function, vital though it may have been, did not require the specialized skills of a nurse or one trained in medicine. The court also concluded that Mrs. Holtzman's household duties, while they may have relieved Borgmann from chores which would have overtaxed his weak heart, did not bear such a direct and proximate therapeutic relation to some physical or mental function or structure of the body as to constitute a deductible medical expense. *See* Gerstacker v. Commissioner, 414 F.2d 448, 448–450 (6th Cir. 1969).

In view of the unchallenged factual determinations of the Tax Court, and upon a review of the entire record, we cannot say that the conclusion of the Tax Court was clearly erroneous. Thus, its decision must be, and it hereby is,

Affirmed.

lowing amounts of the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent  *  *  *:

(1) If neither the taxpayer nor his spouse has attained the age of 65 before the close of the taxable year—
 *    *    *    *    *
(B) the amount by which such expenses for the care of the taxpayer, his spouse, and such dependents  *  *  * exceed 3 percent of the adjusted gross income.
 *    *    *    *    *
(e) *Definitions.*—For purposes of this section—
(1) The term 'medical care' means amounts paid—

(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or

(B) for transportation primarily for and essential to medical care referred to in subparagraph (A).
 *    *    *    *    *    * "
26 U.S.C. § 213 (1964).

2. The Revenue Service had allowed Borgmann to deduct 75% of the expense of Mrs. Holtzman's services for about seven years following his heart attack, through 1962.