HARRY H. VOIGT AND MARILYN P. VOIGT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11950–78.    Filed April 21, 1980.

Harry H. Voigt, pro se.
*Carolyn M. Parr,* for the respondent.

TIETJENS, *Judge:* Respondent determined a deficiency of $3,131.93 in petitioners' Federal income tax for 1975. The issues for our determination are (1) whether petitioner Marilyn P. Voigt's expenses for psychoanalysis are deductible under section 162[1] as ordinary and necessary business expenses; and (2) whether, alternatively, her costs for psychoanalysis are deductible under section 213 as medical deductions.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference.[2]

At the time they filed their petition, petitioners resided at Chevy Chase, Md. They timely filed their joint Federal income tax return with the Director of the Baltimore District, Internal Revenue Service.

During 1975, petitioner Marilyn P. Voigt (hereinafter Marilyn) paid $5,945, for a personal psychoanalysis, to Dr. Joseph D. Lichtenberg (hereinafter Lichtenberg), a certified psychoanalyst. During that same year, Marilyn was self-employed as a clinical social worker; she was engaged as a cotherapist both with Dr. William Strathmann (hereinafter Strathmann), a psychiatrist, and, beginning October 1975, with Dr. James L. Evans (hereinafter Evans), another psychiatrist.

A profile of Marilyn's paid employment experience indicates that from September 1956 until March 1957, Marilyn was employed by a New York State agency as a social worker; from May 1957 until May 1958, she worked for a Nebraska State agency in the same capacity. She resumed her career full time for a New York State agency from November 1969 until January 1970. From March 1973 until January 1979, she worked as a cotherapist with Strathmann, and from October 1975 until the present, with Evans. She is also now involved in a part-time private practice of psychotherapy and holds some teaching and supervisory positions in this field.

Marilyn's earnings from 1973 through 1979 were as follows:

| | | | |
|---|---|---|---|
| 1973 | $943.00 | 1977 | $8,088.00 |
| 1974 | 1,235.00 | 1978 | 13,984.10 |
| 1975 | 1,770.00 | 1979 | ([1]) |
| 1976 | 5,967.76 | | |

[1]From January through September 1979, Marilyn's gross income was $17,000. She also had $2,500 in outstanding debts due her.

[2]In reaching our decision in this case, we have sustained petitioners' objection to the relevancy of their stipulated statements regarding their tax treatment of Marilyn's expenses for psychotherapy and psychoanalysis in their returns for calendar years other than 1975.

The minimum requirement to be a clinical social worker is a master of social work (M.S.W.) degree from an accredited school of social work. The National Association of Social Workers (NASW), the largest organization of professional social workers, opens its membership to all social workers with B.S.W., M.S.W., or doctoral degrees. The Academy of Certified Social Workers (ACSW), a unit of NASW, certifies NASW members for independent, self-regulated practice. In order to qualify for ACSW certification, a social worker must have (1) an M.S.W. or doctoral degree; (2) 2 years' paid full-time or 3,000 hours' paid part-time postmaster's or postdoctoral experience in social work practice; (3) regular membership in NASW; (4) recommendations from three professionals, one of which must be from the applicant's immediate supervisor; and (5) successful completion of the national ACSW examination.[3]

Marilyn completed her M.S.W. at Smith College in 1956. She received her New York State certified social worker license in October 1968, her ACSW certification in January 1974, and her Maryland certified social worker license in September 1977.

Psychiatrists, psychoanalysts, and clinical social workers are all qualified to practice psychotherapy. Psychiatrists and psychoanalysts, however, are physicians and are thereby qualified to prescribe medication. Psychoanalysts alone may practice psychoanalysis. Psychoanalysis is a form of psychotherapy which is characterized by its greater use of couch, dream analysis, and free association and involves more frequent sessions.

Personal analysis for clinical social workers is widely accepted and commonplace.[4] A clinical social worker who has undergone psychoanalysis, moreover, receives more referrals from psychia-

---

[3]Beginning in 1976, primarily because of the NASW's interest in making its social workers eligible for insurance reimbursements, the NASW established a registry. In order to be listed in this registry, the NASW requires an applicant to have (1) an M.S.W. or doctoral degree in social work; (2) 2 years or 3,000 hours postmaster's clinical social work practice under a supervisor with an M.S.W. degree, or another mental health professional, plus continued participation and identification with the social work profession; (3) 2 years or 3,000 hours of direct clinical practice within the last 10 years; and (4) membership in the ACSW or State licensure at an equivalent level. Although it appears that Marilyn did not meet the third criterion, she was nevertheless accepted and registered by the NASW as a clinical social worker from 1976 to the present.

[4]Audrey Thayer Billett, chief psychiatric social worker at the George Washington University Department of Psychiatry and Behavioral Sciences, for example, testified that out of nine social workers on the school's staff, seven had undergone psychoanalysis or psychotherapy. She herself had undergone psychoanalysis.

trists and other mental health professionals. Undergoing a personal psychoanalysis, however, is not a requirement for certification as a clinical social worker and does not qualify a clinical social worker to obtain any additional licenses.

At some time around March 1973, Marilyn consulted with Strathmann about undergoing psychotherapy to improve her skills as a social worker. He encouraged her in this undertaking and, in May 1973, she began psychotherapy with Lichtenberg, and in September 1974, in an attempt to uncover unconscious conflicts in her personality, she began psychoanalysis with him.[5]

Through psychoanalysis, Marilyn acquired skills which she used in treating her own patients. Primarily, she benefited by learning about her own personality conflicts so that she could be more capable of separating them from her patients' problems and thereby be better able to diagnose and treat her patients.

Marilyn testified that she also began psychotherapy in order to alleviate or prevent her own mental illness, specifically, general anxiety and depression.[6] Marilyn felt that Lichtenberg would not have accepted her as his patient unless he believed she had a recognized medical symptom. During the course of her psychoanalysis, Marilyn received reimbursements, through her husband's group medical insurance, for a part of her expenses. Lichtenberg, however, did not testify at the trial, and from the evidence presented, we find that the severity of her symptoms at the start of her treatment was not clearly shown.

Petitioners argue that Marilyn's psychoanalysis was undertaken to maintain or improve her skills as a clinical social worker, that undergoing psychoanalysis is not a minimum qualification to be a clinical social worker, and that undergoing psychoanalysis did not qualify her for a new trade or business. Alternatively, petitioners contend they are entitled to a medical deduction for the costs of Marilyn's psychoanalysis because the treatments alleviated her symptoms of anxiety and depression.

Respondent asserts that Marilyn's expenses for psychoanalysis

---

[5]Marilyn is presently still undergoing psychoanalysis and, although she has no firm date for termination, Marilyn expects her sessions to be completed in the summer of 1980.

[6]These symptoms are listed in the Diagnostic and Statistical Manual of the American Psychiatric Association (2d ed.), and there is a standard medical code for them. These symptoms range from mild to psychotic. Nearly everyone suffers from mild forms of these symptoms at some time.

are not deductible business expenses because they are not expenditures for "education" within the meaning of section 1.162–5(b)(3)(i), Income Tax Regs., are not directly and proximately related to maintaining or improving skills required in her trade or profession, and were undertaken to qualify her for a new trade or business or to meet the minimum requirements of her employer. Respondent further argues that Marilyn's costs for psychoanalysis are not deductible medical expenses because they were not incurred primarily for the prevention or the alleviation of a physical or mental defect or illness.

We agree with petitioners that the costs of Marilyn's psychoanalysis are deductible business expenses.[7]

## OPINION

Section 162 allows a deduction for ordinary and necessary business expenses. Educational expenses are deductible business expenses when the education maintains or improves the skills required by an individual in his or her employment. Sec. 1.162–5(a)(1), Income Tax Regs. They are not deductible, however, if the education is undertaken either to meet the minimum requirements for that trade or business or to qualify for a new trade or business. Sec. 1.162–5(b)(2) and (3), Income Tax Regs.

An example in the regulations provides:

C, while engaged in the private practice of psychiatry, undertakes a program of study and training at an accredited psychoanalytic institute which will lead to qualifying him to practice psychoanalysis. C's expenditures for such study and training are deductible because the study and training maintains or improves skills required by him in his trade or business and does not qualify him for a new trade or business. [Example (4), sec. 1.162–5(b)(3)(ii), Income Tax Regs.][8]

---

[7]As we find that Marilyn's expenses are deductible business expenses, we necessarily conclude that they were not incurred primarily for the prevention or alleviation of a mental defect or illness and hence are not deductible medical expenses. Although we find that Marilyn's anxiety and depression may have been alleviated by her psychoanalysis, we find that any medical benefits were merely incidental to the improvement in her professional skills. Cf. *Starrett v. Commissioner*, 41 T.C. 877 (1964).

[8]This example was added by the amendment of the regulation in T.D. 6918 (May 1, 1967), 1967–1 C.B. 36, and reverses the Commissioner's former position and our contrary holdings in *Greenberg v. Commissioner*, 45 T.C. 480, revd. 367 F.2d 663 (1st Cir. 1966); *Gianakon v. Commissioner*, T.C. Memo. 1965–184, affd. per curiam 358 F.2d 731 (3d Cir. 1966); *Gilmore v. Commissioner*, 38 T.C. 765 (1962); *Namrow v. Commissioner*, 33 T.C. 419 (1959), affd. 288 F.2d 648 (4th Cir. 1961), cert. denied 368 U.S. 914 (1961). Accord, *Markham v. United States*, 245 F. Supp. 505 (S.D. N.Y. 1965).

Respondent argues that Marilyn's psychoanalysis was not "education" within the meaning of this example in the regulations. He emphasizes that Marilyn did not undertake a program of study and training at an accredited psychoanalytic institute.

We read this example in the regulations as implicitly acknowledging the educational nature of psychoanalysis for a psychiatrist (or other professional who practices psychotherapy); moreover, we disagree with the limitations respondent infers from the regulation. First, as respondent concedes, education need not be restricted to formal instruction. See, for example, deductions allowed for educational travel. Sec. 1.162–5(d), Income Tax Regs. Second, programs at psychoanalytic institutes include a student's personal analysis. See *Gilmore v. Commissioner*, 38 T.C. 765 (1962).[9]

In *Watson v. Commissioner*, 31 T.C. 1014 (1959), we held that an internist who underwent psychoanalysis could deduct his costs as educational expenses because he used psychiatric methods in the diagnosis and treatment of his patients' psychosomatic illnesses. Respondent attempts to distinguish *Watson* by emphasizing that while Watson gained techniques which he could use on his patients, Marilyn merely attempted, through psychoanalysis, to eliminate her own personality problems. A deeper self-understanding, however, contributes directly to an improvement in a therapist's diagnostic skills; a clinical social worker must be able to separate her personality problems from those of her patients so that she can properly diagnose and treat her patients' problems.

Respondent argues that any person suffering from a mental disorder can improve his or her job performance by undergoing psychoanalysis. This contention, however, overlooks the requirement of a direct and proximate relationship between the educational expenses a taxpayer wishes to deduct and his or her employment. *Carroll v. Commissioner*, 51 T.C. 213 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Accord, *Glasgow v. Commissioner*, 486 F.2d 1045 (10th Cir. 1973), affg. per curiam a Memorandum

---

[9]There is a discussion of the benefits of a personal psychoanalysis for psychiatrists in Judge Black's dissenting opinion in *Namrow v. Commissioner, supra* at 436, in which he states that the elimination of "blind spots" in a therapist's personality contributes to his or her improved skill in treating patients. It would appear that this statement is equally applicable to a clinical social worker who practices psychotherapy. (*Namrow* was decided on the separate issue of whether the taxpayer's education had qualified him for a new profession.)

Opinion of this Court. Where a professional like Marilyn practices psychotherapy and, to increase her skills, undergoes psychoanalysis, there is an integral relationship between the education involved and her employment. By contrast, where another taxpayer not primarily engaged in diagnosing and treating patients' personality problems attempts to deduct psychoanalytic expenses, the required nexus between the education and employment would be lacking, and the deduction would be disallowed.

Respondent contends that should we find that Marilyn's psychoanalysis is an educational expense, we should disallow petitioners' deduction because her psychoanalysis qualified her for a new profession or was a de facto job requirement. Essentially, respondent's argument is that Strathmann and Evans would not have hired Marilyn without her having undergone psychoanalysis and that since she did not have 2 years' experience within the last 10 years, she could not have qualified as a registered clinical social worker without that employment.

It is clear from the record, however, that psychoanalysis, while common among clinical social workers, is not a requirement, de facto or otherwise, to practicing psychotherapy. A clinical social worker is anyone with an M.S.W. degree from an accredited school of social work. See Burnstein v. Commissioner, 66 T.C. 492 (1976). As Marilyn earned an M.S.W. degree at Smith College in 1956, she was qualified in 1975 to practice psychotherapy. Additionally, Marilyn received her ACSW certification in 1974[10] and was therefore also qualified for autonomous practice in 1975. While Strathmann considered having undergone psychoanalysis a definite asset for his cotherapist, he stated that it was only one criterion, and not necessarily a requirement, in his choice of a cotherapist.[11]

The registry of the NASW, furthermore, was created to aid social workers whose patients attempt to gain insurance reimbursement for their therapy sessions. There is nothing in the record to indicate that the registry was intended to supplant the

---

[10]The ACSW requires 2 years of supervised experience for accreditation for autonomous practice. There is no time limit with respect to when this experience must have occurred.

[11]Even Ms. Billett testified to the fact that two out of nine social workers on the George Washington University staff have not experienced either psychotherapy or psychoanalysis.

existent criteria for qualification for clinical social workers (i.e., and M.S.W. degree). Moreover, despite not having had 2 years' experience within the past 10 years (one of the stated requirements for listing in the registry), Marilyn was nevertheless accepted by the NASW for such listing in 1976, the first year in which the registry existed.

Finally, we reject respondent's contentions that Marilyn's anxiety and depression, her medical insurance reimbursement, her increased number of sessions when changing from psychotherapy to psychoanalysis, and her expenses in relation to her earnings, all indicate the nonbusiness nature of her psychoanalysis. Whatever anxiety and depression she may have experienced we find not to be her primary motivation for seeking psychoanalysis. The insurance company's decision to reimburse petitioners for Marilyn's expenses is distinct from our determination of whether her expenses are deductible business expenses. Her increased sessions are common when changing from psychotherapy to psychoanalysis, since psychoanalysis is characterized by, among other things, its use of more frequent sessions. Lastly, the extent of her expenses in relation to her income does not indicate the nonbusiness nature of these costs since (1) it is clear that Marilyn was in the business of being a clinical social worker, and (2) the costs do not seem unusually high for psychoanalysis and appear to be reasonable in amount.

*Decision will be entered under Rule 155.*