ROSE C. FRANCE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
France v. Commissioner
Docket No. 5457-79.
United States Tax Court
T.C. Memo 1980-215; 1980 Tax Ct. Memo LEXIS 376; 40 T.C.M. (CCH) 508; T.C.M. (RIA) 80215; June 23, 1980, Filed William C. Dziak, for the petitioner. John R. Dorocak, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's opinion *377 which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1977 in the amount of $918. The only question for decision is whether petitioner is entitled to a medical deduction under section 213 for the sum of $4,280 paid for dancing lessons in that year. FINDINGS OF FACT Some of the facts in this case were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.
At the time the petition was filed, Rose C. France (petitioner) resided in Brooklyn, Ohio. Petitioner is a widow and is sixty-six. Petitioner in 1972 and thereafter was being treated by her doctor for arthritic pains in her back and neck, and also for nervous tension. In addition to her medication, *378 she did 15 to 20 minutes of exercise every morning.Prior to taking dancing lessons, she rode a bicycle, played badminton, soccer and "that sort of thing". In approximately June 1974, petitioner began taking dance lessons at an Arthur Murray Studio near her home. During 1977 petitioner took two to three private dance lessons per week. In addition, she attended group lessons twice a week. The dance lessons are for dancing described as "social, ballroom, or partner dancing." Petitioner attended parties at which punch was served after group lessons and parties. Petitioner takes dance lessons about 9-10 hours a week in addition to her regular exercises every morning. Petitioner claims that she took the dance lessons to keep from getting crippled with arthritis in her back. She discontinues dancing when she is out of town. Since she began dancing on a regular basis, her nervousness and depression have decreased. The dancing was not her own idea because she had never done it before. It was suggested to her by her doctor. Attached to petitioner's Federal income tax return are two statements from her doctor to the effect that he "recommended dancing lessons as a form of therapy *379 for arthritic pains" in the neck and back of petitioner and "to help relax the tensions" she had been undergoing. The doctor was not called as a witness. Petitioner paid $4,280 to an Arthur Murray Studio in 1977 for the purchase of dance lessons. Petitioner included this $4,280 in her medical deduction on her 1977 tax return, describing the expenditure as "Therapy Dancing." Respondent disallowed the $4,280 on the basis that the dance lessons are personal expenses and not medical expenses under section 213. OPINION Section 213 provides for the allowance of deductions for expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care. The statute defines "medical care" as meaning amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." Section 213(e)(1)(A). Section 1.213-1(e)(1)(ii), Income Tax Regs., provides in part that: "Deductions for expenditures for medical care allowable under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness. * *380 * * However, an expenditure which is merely beneficial to the general health of an individual, such as an expenditure for a vacation, is not an expenditure for medical care." In considering the deductibility of expenses for "medical care" under section 213, we must keep in mind that section 262 prohibits deductions for personal, living and family expenses. Gerstacker v. Commissioner,414 F.2d 448, 450 (6th Cir. 1969); Haines v. Commissioner,71 T.C. 644, 646 (1979). As stated in Gerstacker,supra at 450, "a basic scheme of the Code is to deny deductions for personal expenses." The petitioner has the burden of proving that she is entitled to the claimed medical expense deduction. Haines,supra.Thus, we must decide whether petitioner has carried her burden of proving that the cost of her dance lessons was deductible under section 213. Section 213 deals with expenses paid for "medical care" of the taxpayer. This Court has explained that: "Not every expenditure prescribed by a physician is to be catalogued under this term, nor is every expense that may be incurred for the physical comfort of a party a *381 medical expense." Seymour v. Commissioner,14 T.C. 1111, 1117 (1950); Havey v. Commissioner,12 T.C. 409, 411-412 (1949). Although the provisions of the statute and regulations are broadly worded, this Court has previously stated that "we cannot believe that Congress intended to have such things as dancing instruction included within the scope of the medical deduction." Thoene v. Commissioner,33 T.C. 62, 64 (1959). We reiterate that statement. Obviously dancing lessons for which payments are made are a form of exercise as would be dancing without payment in a home or any other suitable location. Dancing may well be one of the most pleasant forms of exercise. Undoubtedly, dancing helped petitioner keep limber as would any similar form of exercise. This does not mean the dance lessons are medical care. As petitioner admitted, she does not dance when she is out of town. The Sixth Circuit explained in Gerstacker,supra at 450 that "for an expenditure to be deductible it must not be connected merely in some way to the medical care of the taxpayer but it must be proximately related to his medical care." Even *382 if we accept petitioner's testimony without question, we cannot find any such proximate relationship here. For the sake of argument, if we take her doctor's statements at face value he merely "recommended" that petitioner take dance lessons. We note that such a recommendation is not a doctor's statement that dance lessons are treatments necessary for the alleviation of a physical defect. In fact, what he was recommending were purely personal activities. These personal activities were mild and enjoyable exercise and engagement in social activity. The fact that petitioner engaged in both activities in an Arthur Murray Dance Studio does indicate that the activities should be characterized as personal in nature. The instructors in the dance studio had no medical training in physical therapy. That the dance lessons were beneficial to petitioner is not determinative. It would appear that the same benefits could have been derived from petitioner's taking up golf and participating in the social activity of a country club but it could hardly be contended that such expenditures would be deductible as medical care. Doctors often recommend a course of personal conduct and personal activity *383 which, if followed, could result in health benefits to the patient, but the expenses therefor are generally to be considered ordinary personal expenses. As we said in Thoene,supra at 65: "There may be rare situations when such expenses would lose their identity as ordinary personal expenses and become properly classified as medical care expenses, but this record does not present such a case." We likewise hold that the instant case is not such a rare situation. Based on the record before us, we must rule for respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.