PHUOC G. CAO AND NGHIA T. LE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cao v. Commissioner
Docket No. 20573-91
United States Tax Court
T.C. Memo 1994-60; 1994 Tax Ct. Memo LEXIS 61; 67 T.C.M. (CCH) 2171; February 16, 1994, Filed *61 Decision will be entered under Rule 155. Phuoc G. Cao, pro se. For respondent: Lisa W. Kuo. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioners' 1987 Federal income tax, and additions to tax, as follows: Additions to Tax Sec. Sec.
Sec.
Sec. Deficiency
6651 6653(a)(1)(A)
6653(a)(1)(B)
6661 $ 7,450
$ 370
$ 651
[1]
$ 1,782
All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are: (1) Whether petitioners substantiated a deduction for a "loan origination fee" in an amount greater than the amount allowed by respondent; (2) whether petitioners substantiated deductions for commission and promotion expenses in amounts greater than the amounts determined by respondent; (3) whether petitioners substantiated deductions for travel, meal, and entertainment expenses in amounts greater than the amounts determined by respondent; (4) whether petitioners are entitled to deduct claimed home *62 office expenses; and (5) whether petitioners are liable for the additions to tax under sections 6653(a)(1)(A) and (B) and 6661. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Phuoc G. Cao (Cao) and Nghia T. Le (Le), husband and wife, resided in Irvine, California, at the time the petition in this case was filed. They timely filed a joint Federal income tax return for 1987; they filed an amended 1987 return in September 1988. During January 1987, petitioners borrowed $ 153,100 from Community American Mortgage Corp. to refinance an existing indebtedness on their residence. The new loan was due in 30 years. In connection with the loan, petitioners paid a "loan origination fee" of $ 1,531, and various other fees totaling $ 2,366. On their return, petitioners claimed a deduction of $ 2,295 for points paid in 1987, of which respondent disallowed $ 764. During 1987, Cao worked as an electronic technician for Norman Magnetics, Inc. In addition, Cao sold real estate. Le was engaged in business as a mortgage broker. Petitioners claimed a deduction, *63 on Cao's Schedule C, for home office expenses including $ 903 for furniture and $ 1,135 for telephone expenses. Respondent disallowed these deductions. With respect to his real estate business, Cao's activities included the use of petitioners' home telephone line. Petitioners had only one telephone line in their home. The monthly telephone statements were all in the name of Le. Cao did not maintain a log of telephone calls made or received with respect to his business. Many of the telephone calls deducted by Cao in connection with his real estate business were made to Garden Grove, California, to Westminster, California, and to petitioners' relatives. On Cao's Schedule C, petitioners claimed a deduction of $ 2,500 for commission expenses. Respondent allowed $ 1,000 of the claimed deduction. On Le's revised Schedule C, petitioners deducted a total of $ 1,753 for promotion expenses; respondent disallowed the entire amount. Petitioners claimed a deduction of $ 3,071 for automobile expenses on Le's Schedule C. Respondent disallowed the entire amount of the claimed deduction. Petitioners did not maintain an account book, diary, log, or documentary records with regard to their *64 automobile expenses. Petitioners did not know exactly how many miles were incurred in connection with their business activities, but guessed that it was 13,650 miles. Petitioners held a reception for more than 100 guests on November 25, 1987. Petitioners claimed a $ 5,000 deduction for the reception; respondent allowed $ 1,250. The $ 1,250 was allowed because the reception guest book established that a number of business clients attended the reception. The guest book, however, does not indicate the purpose of the reception or the business relationship between petitioner and the guests. OPINION Issue 1. Loan Origination Fee
Section 163 allows a deduction in full for "interest paid or accrued within the taxable year on indebtedness". For Federal income tax purposes, interest generally is defined as "compensation for the use or forbearance of money". Deputy v. Du Pont, 308 U.S. 488, 498 (1940). "Payments for services performed by a lender in connection with a loan do not constitute compensation for the use or forbearance of money, but rather are capital expenditures which must be amortized over the life of the loan". Goodwin v. Commissioner, 75 T.C. 424, 440-441 (1980), *65 affd. without published opinion 691 F.2d 490 (3d Cir. 1982). Points are amounts paid by a borrower for loan processing. A loan processing fee can be either for the use or forbearance of money, or for specific services performed by the lender in connection with the loan. If points are paid in exchange for specific services performed by the lender, they are not deductible. Goodwin v. Commissioner, supra at 441; Lay v. Commissioner, 69 T.C. 421, 437-440 (1977). However, if points are paid solely for the use or forbearance of money, they constitute interest and are deductible under section 163. Kelly v. Commissioner, T.C. Memo. 1991-605; Dozier v. Commissioner, T.C. Memo. 1982-569. Points that are characterized as interest under section 163 are considered to be prepaid interest. Goodwin v. Commissioner, supra.
Section 461(g)(1) provides, generally, that a cash basis taxpayer must amortize prepaid interest over the life of the loan as if he were on the accrual method of accounting. Section *66 461(g)(2), however, provides an exception to that general rule, which allows immediate deductibility of "points paid in respect of any indebtedness incurred in connection with the purchase or improvement of, and secured by, the principal residence of the taxpayer". Points which are incurred in a loan refinancing situation generally do not fall under the exception enumerated in section 461(g)(2) because they are not incurred in connection with the purchase or improvement of the taxpayer's principal residence; such points must therefore be amortized over the life of the loan in accordance with the general provisions of section 461(g)(1). Fox v. Commissioner, T.C. Memo. 1989-232, affd. without published opinion 943 F.2d 55 (9th Cir. 1991). In the instant case, petitioners borrowed $ 153,100 to refinance the existing indebtedness on their residence. In connection with that loan, petitioners paid a "loan origination fee" of $ 1,531. On their tax return, petitioners claimed a deduction of $ 2,295; respondent disallowed $ 764. At trial, Cao stated that the $ 764 in dispute was paid to the lender to process the refinancing of *67 the home mortgage loan. He stated that this $ 764 was reflected in the loan's annual percentage rate, but he presented no further evidence regarding this matter. Based on statements made at trial by Cao, it appears the $ 764 represents refinancing points. In any event, petitioners have not met their burden of proof, and thus they are not entitled to deduct the $ 764 in dispute under section 163. Rule 142(a). We are mindful that in Huntsman v. Commissioner, 905 F.2d 1182 (8th Cir. 1990), revg. 91 T.C. 917 (1988), the Court of Appeals concluded that points incurred in refinancing a short-term (3-year) mortgage on a residence were incurred "in connection with" the purchase of the taxpayers' residence and therefore deductible. The Appeals Court emphasized that the taxpayers did not refinance their existing indebtedness in order to lower their interest rate or to achieve some other financial goal not connected "directly" with home ownership. Rather, under the facts of that case, the Court found that the taxpayers acquired their new mortgage in order to extinguish short-term loans. Thus, it concluded that the taxpayers' refinancing *68 was an integrated step in securing the purchase of their home and therefore fell within the exception provided by section 461(g)(2). Here, the record does not reflect whether the refinancing was done in order to extinguish a short-term loan or loans, as opposed to lowering petitioners' interest rate or to enable petitioners to achieve some other financial goal. Issue 2. Commission and Promotion Expenses
Section 162 permits a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 6001 requires a taxpayer to keep adequate records in order to substantiate the propriety of these deductions. With respect to every item of expense which is claimed as a deduction under section 162, a taxpayer must establish: (1) That the expense was paid or incurred; (2) that it was paid or incurred during the taxable year at issue; (3) that it was paid or incurred in carrying on a trade or business; and (4) that the expense was ordinary and necessary. Sec. 1.162-1, Income Tax Regs. In addition, only the portion of an expense which is reasonable in amount is deductible under section 162. United States v. Haskel Engg. & Supply Co., 380 F.2d 786, 788-789 (9th Cir. 1967); *69 see also Boser v. Commissioner, 77 T.C. 1124, 1133 (1981). Whether a claimed expenditure is reasonable in amount is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Voigt v. Commissioner, 74 T.C. 82, 89 (1980). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). When the record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the deductible expense. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). This Court has been granted considerable latitude in estimating the amount of the allowable deduction; however, we are not required to employ such latitude. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). *70 In order for us to estimate the amount of an expense, the taxpayer must establish that he is entitled to some deduction. Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987), affg. T.C. Memo. 1986-223. Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, supra at 560. In the instant case, with respect to Cao's Schedule C, petitioners deducted $ 2,500 of commission expenses, of which respondent allowed $ 1,000. While Cao's commission expenses may have been as great as he stated, his failure to keep adequate records must rest upon his shoulders alone. In a case such a this, we feel that any estimate we make should bear heavily against the taxpayer. See Cohan v. Commissioner, supra.Based on the limited evidence before us, we find that petitioners are entitled to deduct $ 1,480 of commission expenses. Consequently, we find that $ 1,480 of Cao's reported commission expenses is deductible; the remaining $ 1,020 is disallowed. On Le's Schedule C, petitioners listed their home address as Le's business *71 address. Le did not appear at trial. On Le's behalf, Cao testified that Le incurred $ 1,753 as an expense for fliers, which he stated were printed in connection with advertising her loan financing business. According to Cao, Le performed loan financing services for all of Cao's sales. Cao stated that, after he finished a sale, he would refer the client to his wife to arrange the financing. To support Le's claimed expenditures, Cao produced check receipts, canceled checks, and logbooks. However, the canceled checks do not always identify the payee or the purpose of each check; and the logbooks do not always explain the business connection between each entry and Le. After reviewing these records, we find that $ 1,000 of Le's promotion expenses is deductible; the remaining $ 753 is disallowed. Issue 3. Travel, Meals, and Entertainment Expenses
Section 262 provides that personal expenses generally are not deductible. Sharon v. Commissioner, 66 T.C. 515, 522-525 (1976), affd. 591 F.2d 1273, 1275 (9th Cir. 1978). Where there is a mixture of personal considerations and business considerations for an expenditure, *72 special care is required in determining which considerations predominate, and whether any part of the expenditure may qualify for deduction under the dichotomy of section 162 and section 262. See Feldman v. Commissioner, 86 T.C. 458, 464 (1986); see also Sharon v. Commissioner, supra at 524. In circumstances like those of the instant case, expenditures of a kind otherwise deductible under section 162 must also meet the requirements of section 274 in order to be deductible. Section 274(d) provides that no deduction shall be allowed with respect to any listed property, as defined in section 280F(d)(4), or with respect to an activity which is of a type generally considered to constitute entertainment, unless the taxpayer substantiates by adequate records or corroborative evidence (a) the amount of the expense, (b) the time and place of use, (c) the business purpose, and (d) the business relationship of the taxpayer to the persons using the listed property. A passenger automobile is listed property. Sec. 280F(d) (4)(A)(i). To substantiate a deduction by means of adequate records, the taxpayer must maintain an account *73 book, diary, log, statement of expense, trip sheets, or similar records, and documentary evidence which, in combination, are sufficient to establish each element of that expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In general, to be adequate, a record must be written and must be prepared or maintained in such a manner that each recording of an element of an expenditure or use that must be substantiated is made at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(C)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985). Petitioners produced no records at trial to substantiate their automobile expenses. Additionally, with respect to the automobile expenses, petitioners used the vehicle to commute from their home to their respective places of employment. That aspect of the use of the vehicle constituted personal use, and the expense for such use is not deductible under section 262. Other than Cao's unsupported testimony, there is nothing in the record to establish any of the elements required to be proven under section 274(d). Petitioners *74 did not substantiate their automobile expenses as required by section 274(d). Respondent, therefore, is sustained in the disallowance of petitioners' automobile expenses. On November 25, 1987, the day before Thanksgiving Day, petitioners held a reception for over 100 people. Petitioners claim that all of the $ 5,000 cost of the reception was incurred by Le and is deductible on her Schedule C. Respondent allowed petitioners $ 1,250 as a deduction. Therefore, the amount remaining in dispute is $ 3,750. In support of their claim, petitioners produced a guest book signed by people who attended the reception. However, the book does not indicate the purpose of the reception or the guests' business relationship with petitioners. Furthermore, Le did not appear at trial. Cao testified as to the business relationship of the guests. However, we are not bound to accept, and do not accept, Cao's self-serving testimony. Petitioners failed to substantiate these entertainment expenses, as required by section 274(d)(2). Accordingly, they are not entitled to deduct an amount greater than that allowed by respondent (that is, $ 1,250). Issue 4. Home Office Deduction
Section 280A *75 provides, as a general rule, that no deduction otherwise allowable shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. An exception to the general rule of nondeductibility is in section 280A(c) (1). The exception permits a deduction for the expenses of a home office if a portion of the dwelling unit is used exclusively and on a regular basis as the principal place of the taxpayer's business. Section 280A(c) (1) permits a taxpayer to deduct expenses allocable to that portion of the residence which is used exclusively on a regular basis for one of three purposes: (1) As the taxpayer's principal place of business; (2) as the place where the taxpayer meets with clients in the normal course of business; and (3) in the case of an unattached separate structure, in connection with the taxpayer's business. Sec. 280A(c) (1); Commissioner v. Soliman, 506 U.S.    , 113 S. Ct. 701 (1993). In order to deduct home office expenses under section 280A, the taxpayer must first prove that a specific portion of his residence was used exclusively for one of the three aforementioned purposes. *76 Id. at    , 113 S. Ct. at 705. After the taxpayer passes this exclusivity threshold, the taxpayer must prove that his home office was used regularly for one of the three enumerated purposes. Sec. 280A(c)(1). If, for example, the taxpayer claims that he used his home office to regularly meet with clients, the taxpayer must show that his clients actually visited his home office. Sec. 280A(c)(1)(B); Green v. Commissioner, 707 F.2d 404, 407 (9th Cir. 1983). Section 280A imposes a strict standard for obtaining a home office expense deduction. Congress enacted section 280A in response to a line of cases which permitted deductions for certain home expenses. Commissioner v. Soliman, 506 U.S. at    , 113 S. Ct. at 705; Green v. Commissioner, supra at 407; see S. Rept. 94-938, at 144-149 (1976), 1976-3 C.B. (Vol. 3), 1, 186-187. The congressional committee reports discussing the application of section 280A indicate that "Expenses attributable to incidental or occasional trade or business use of an exclusive portion of a dwelling unit would *77 not be deductible even if that portion of the dwelling unit is used for no other purpose." S. Rept. 94-938, supra at 148-149, 1976-3 C.B. (Vol. 3) at 186-187 (emphasis added); see H. Rept. 94-658, at 161 (1975), 1976-3 C.B. (Vol. 2) 695, 853. Other than Cao's self-serving testimony, petitioners offered no evidence to establish how petitioners' home was used in Cao's business. Cao did not testify regarding the exclusivity threshold. Unlike the taxpayer in Soliman, petitioners did not show that a spare room in their residence was used exclusively as a home office. Commissioner v. Soliman, 506 U.S. at    , 113 S. Ct. at 706. Because petitioners failed to prove that any portion of their residence was used exclusively for business purposes, they have failed to meet the threshold requirement for deductibility under section 280A; therefore, we find that petitioners do not have a home office within the provisions of section 280A(c)(1). Consequently, petitioners are not entitled to a deduction under section 162 for home office expenses. Issue 5. Additions to Tax
Section 6653(a)(1)(A) provides for an addition *78 to tax of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest due on the portion of the deficiency attributable to negligence. Negligence is the lack of due care, or the failure to do what a prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 937 (1985). Petitioners bear the burden of establishing that the negligence addition to tax does not apply. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-264; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972). *79 Petitioners failed to present evidence or make argument regarding the negligence addition to tax. Thus, we sustain respondent's determination that petitioners are liable for the addition to tax under section 6653(a)(1)(A) and (B). Section 6661 provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Under section 6661(b)(1)(A), a substantial understatement is defined for individual taxpayers as the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. The amount of the understatement is reduced by the portion of the understatement attributable to the tax treatment of any item if there is or was substantial authority for the treatment, or if there was adequate disclosure of the relevant facts affecting treatment of the item in the return or a statement attached to it. Sec. 6661(b)(2)(B). The amount of the deficiency in petitioners' Federal income tax for 1987 meets the definition of a substantial understatement for this purpose. Petitioners presented no evidence or substantial authority to support their position. In addition, there was no adequate disclosure of *80 the relevant facts regarding the deduction of the expenses, nor was there a statement attached to their return. Accordingly, we sustain respondent's determination with respect to petitioners' liability for the addition to tax under section 6661. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 7,450.↩