REUBEN B. HOOVER AND ELIZABETH S. HOOVER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80048.    Filed January 18, 1961.

*Paul T. Key, Esq.,* for the petitioners.
*Mark H. Berliant, Esq.,* for the respondent.

OPINION.

Van Fossan, *Judge:* The sole issue is whether petitioner was entitled to deduct the cost of a Mediterranean cruise as a business expense under section 162 of the Internal Revenue Code of 1954.[1]   Respondent agreed that the amount of $1,881.86 was expended for the cruise (including the cost of petitioner's return flight) and substantiation thereof was not put in issue.   No expenses incurred by petitioner's wife were included in the claimed deduction.

Petitioner argues that the sum of $1,881.86 was expended solely in the pursuit of education and as such is a deductible expense.   It is his position that the recreation facilities available aboard the vessel and at the ports of call and the sightseeing features were but minor incidents of the cruise and played no role in dictating his choice of this method of securing his advanced education.

Respondent contends that petitioner undertook the cruise primarily for vacation purposes and that the cost is not allowable as a deduction. He considers the lecture aspect to be entirely overshadowed by the pleasure motive.

We agree for the most part with respondent's position.   The record before us is convincing that what petitioner sought primarily was a vacation and not learning.   Petitioner testified that he was impressed by Duke University's medical faculty and that he also desired to escape from midwestern provincialism in the field of medicine. Even so, we find it impossible to believe that an extremely busy doctor would spend approximately a month in obtaining information which could have been obtained from the *same* faculty in 4 days and at a fraction of the cost of the cruise.

The courses suggested by the Journal of the American Medical Association were delivered at outstanding medical schools or centers, well equipped and staffed for the serious business of teaching medical courses.   Such courses were offered on both the east and west coasts in cities which are noted for their medical facilities.   These courses were generally short in duration and relatively inexpensive in cost. They offered the "students" a wide selection of subjects.

The lectures in this case were delivered in the main lounge of the SS *Vulcania.*   That vessel was a passenger ship not specially equipped for the teaching of medicine.   It possessed no wards, laboratories, lecture halls, and similar facilities.   Instead, the vessel possessed bars,

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\*        \*        \*        \*        \*        \*        \*

(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; \* \* \*

salons, and recreation facilities, i.e., all the features desired by those bent upon enjoying a vacation. Petitioner was not required to study or prepare for the lectures. The nature of the physical plant and the informality surrounding the lectures do not suggest a serious and determined course of study as a principal motive.

The brochures laid little emphasis on the "course of study." The nature of the vessel (including facilities and entertainment), its ports of call, the itinerary, petitioner's shore activities, and tour of Pompeii, his stays in Venice, Paris, and London all indicate that "personal" or pleasure considerations dominated the selection of the cruise. In short, we believe the cruise was undertaken primarily for pleasure. The layout of the brochures, the descriptions, and itinerary were aimed primarily at securing vacation-minded customers for the travel agency.

The record suggests to us, therefore, that the petitioner sought to "kill two birds with one stone," so to speak, by taking a leisurely vacation and picking up some useful medical knowledge as an incident thereto.

Respondent formerly took the position that "Expenses incurred by doctors in taking post-graduate courses are deemed to be in the nature of personal expenses and not deductible." O.D. 984, 5 C.B. 171.

This view, however, has been altered to a certain extent by respondent's current regulations. Section 1.162–5 of the Income Tax Regulations states as follows:

(d) * * * If the taxpayer's travel away from home is primarily personal, the taxpayer's expenditures for travel, meals, and lodging (*other than meals and lodging during the time spent in participating in deductible educational pursuits*) are not deductible. Whether a particular trip is primarily personal or primarily to obtain education the expenses of which are deductible under this section depends upon all the facts and circumstances of each case. An important factor to be taken into consideration in making the determination is the relative amount of time devoted to personal activity as compared with the time devoted to educational pursuits. * * * [Emphasis supplied.]

See also Rev. Rul. 60–97, 1960–1 C.B. 69.

Lectures were given, and petitioner testified that he derived professional benefit from them and did assimilate some of the information directly into his work. This we do not doubt. The portion of the expenses incurred for this information, under respondent's regulations, is an allowable expense deduction. The portion incurred for a vacation motive is personal in nature and not deductible. Sec. 262, I.R.C. 1954. The Government is not to bear the expense of petitioner's vacation.

Considering the vacation aspect or motive which looms large in the record before us, similar courses offered by Duke University and other medical schools or centers, the number and extent of the lectures given

on the cruise, the useful nature of the subject matter, and petitioner's economic and social position, but faced with an absence of proof as to the actual details of costs and other relevant facts, we turn to the principle [2] of *Cohan* v. *Commissioner*, 39 F. 2d 540 (C.A. 2), and hold that the sum of $232 was an ordinary and necessary business expense and is allowable as a deduction.   See *Ralph E. Duncan*, 30 T.C. 386.

*Decision will be entered under Rule 50.*

---

[2] *Cohan* v. *Commissioner,* 39 F. 2d 540 (C.A. 2), at 543–544:
"Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. * * * If necessary by drawing upon the Board's personal estimates of the minimum of such expenses."
[1] All references are to the Code of 1939.