ANGELO PERFETTI and RAMONA E. PERFETTI, Petitioners v. COMISSIONER OF INTERNAL REVENUE, Respondent
PERFETTI v. COMISSIONER OF INTERNAL REVENUE
Docket No. 27295-81.
United States Tax Court
T.C. Memo 1983-549; 1983 Tax Ct. Memo LEXIS 241; 46 T.C.M. (CCH) 1317; September 7, 1983. James L. Fogle and Ruth Zimmerman Reeg, for the petitioners. Michael W. Bitner, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: in a statutory notice dated September 1, 1981, respondent determined deficiencies of $4,883.66 and $4,810.41 in petitioners' Federal income taxes for 1976 and 1977, respectively. After concessions, the issues for determination are: 1. Whether petitioners are entitled to deduct the cost of air fare, travel, meals, lodging, automobile, and private aircraft claimed to have been incurred in connection with Angelo Perfetti's employment by the Missouri Air National Guard; 2. Whether petitioners are entitled to deduct the cost of meals claimed to have been incurred in connection with Angelo Perfetti's employment by Eastern Airlines, Inc.; 3. Whether expenses incurred by petitioner Angelo Perfetti in the operation of a private aircraft are deductible educational expenses under section 162; [1] and 4. Whether petitioners are entitled to investment tax credit for the purchase of a Cessna airplane in 1976. *243 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Angelo and Ramona E. Perfetti, husband and wife, maintained their legal residence in Highland, Illinois, at the time they filed their petition in this case. Petitioners timely filed their joint Federal income tax returns for 1976 and 1977 with the Internal Revenue Service Center, Kansas City, Missouri. During 1976 and 1977, Mr. Perfetti was employed by Eastern Airlines, Inc., (Eastern) as a flight engineer aboard Lockheed 1011 aircraft. His home base during that period was La Guardia International Airport, in New York, New York, and his tax home was in New Jersey. Eastern requires its flight engineers to shift frequently their base of operations. From the time he commenced employment with Eastern in 1966, Mr. Perfetti's home base shifted between Miami, New York, Washington, D.C., and Chicago. At no time was he based in a particular city for more than 3 consecutive years. Mr. Perfetti's employment with Eastern required him to spend substantial amounts of time away from his home base. *244 During such trips away from his tax home, he purchased his own meals and was reimbursed in part by Eastern. On their 1976 and 1977 tax returns, petitioners claimed employee business expense deductions for these meals as follows: Description
1976
1977
Cost of Meals
$2,291.80 $2,844.75 Employment
Reimbursement
(1,673.45)
(1,975.80)
Total
$ 618.35 $ 868.95 Mr. Perfetti maintained a log in which he recorded information concerning meals he claims to have consumed, including the date, city and the type of meal, (i.e., breakfast, lunch, dinner, or snack). The log did not contain the amount of such expenditures or the specific establishment where the meals were consumed. Petitioners determined the amount claimed on their tax returns by multiplying the number of each type of meal times the following standard rates: Type of Meal
Rate
Breakfast
$3.50
Lunch
4.75
Dinner
12.00
Snack
2.50
Petitioners have not explained how they determined these standard rates. The amount of reimbursement by Eastern for petitioner's meals expense was based on the number of hours away from the home base multiplied by a standard rate *245 per hour. In his statutory notice of deficiency, respondent disallowed deduction of the excess claimed over reimbursement received. The flight crew on a Lockheed 1011 normally consists of a pilot, copilot, flight engineer, and several flight attendants. The duties of the flight engineer include a preflight inspection of the airplane and maintenance of its operational systems, such as the fueling, air conditioning, and pressurization system. Flight engineers are required by Eastern to have a commercial pilot's license with an instrument rating. Eastern does not, however, permit its flight engineers to fly the airplane. Flying time to keep such license and rating current is not provided by Eastern. Flying a light aircraft may help maintain the skills of a flight engineer. The progression from flight engineer to copilot at Eastern is based solely on seniority. To become a copilot, a flight engineer must successfully complete ground school instruction, simulator instruction, and a check ride. A check ride is an evaluation of a candidate's performance while actually flying the airplane. A flight engineer who has had recent experience flying light aircraft may find it easier *246 to qualify for a copilot position. On June 19, 1976, petitioners purchased a Cessna 172 at a cost of $12,000. The Cessna is a propeller-driven aircraft with an operating altitude of 7,500 feet and below. The instrumentation includes an altitude indicator, a direct gyrocompass, an artificial horizon, a localizer, a glide scope, an ADF, and a transponder. The Lockheed 1011 is a jet-powered aircraft that generally operates at an altitude of 35,000 feet and below. The 1011 has the same basic instrumentation as the Cessna and, in addition, has a duplicates of many of the basic instruments. During 1976 and 1977, Mr. Perfetti was also employed as a pilot by the Missouri Air National Guard (the "Guard"). He joined the Guard in 1963 and, except for a brief period during which he was on active duty with the U.S. Air Force, he has continued to be a member of the Guard through the time of trial. The Guard is based at Lambert International Airport (Lambert), St. Louis, Missouri. During 1976 and 1977, Mr. Perfetti's ranks with the Guard were that of captain and major. It is very difficult for a captain or major to transfer from one State air national guard unit to another. Each *247 local unit has the discretion to admit or deny admittance to any pilot attempting such a transfer and, upon such a transfer, the transferee is less likely to be promoted than a non-transferee. Mr. Perfetti never considered transferring from the Missouri Guard to another State's air national guard nearer his New Jersey home. During the years in issue, petitioners maintained a residence in Highland, Illinois, at which Mrs. Perfetti and petitioners' three children resided on a full-time basis. This residence is approximately 50 miles from Lambert. On most occasions when Mr. Perfetti was not on duty with Eastern, he flew to Lambert via Eastern's reduced employee rates. He utilized these occasions to perform his duties for the Guard and to spend time with his family at the Highland residence. He spent approximately 50 and 70 non-Guard duty days at this residence in 1976 and 1977, respectively. Mr. Perfetti frequently used the Cessna to travel between Lambert and Highland, Illinois.He flew the Cessna on 37 flights in 1976 and on 59 flights in 1977, and all but 2 of these flights were between Lambert and the Highland airport. The remaining two flights were to an aircraft convention *248 and to an Air Force base to obtain an altitude chamber test. In connection with his employment by the Guard, Mr. Perfetti reported the following amounts of income and employee business expense deductions on petitioners' 1976 and 1977 tax returns: Description
1976
1977
Wages
$7,912.72 $7,454.29 Expenses: Air fare & travel
( 2,133.41)
( 1,838.91)
Meals & lodging
( 4,243.67)
( 4,199.32)
Automobile
( 1,124.15)
( 934.32)
Private aircraft
( 2,325.47)
( 3,399.33)
Employer reimbursement
634.60 177.30 Total
($1,279.38)
($2,740.29)
Petitioners also claimed an investment tax credit for the aircraft of $800 on their 1976 return. In his statutory notice of deficiency, respondent disallowed these deductions and the investment tax credit in their entirety.
Petitioners also maintained a log of meals consumed by Mr. Perfetti and claimed to be related to his Guard employment.Entries made in the log included the date, locale, and type of meal. The log did not contain the amount of any of the expenditures and, except for the meals consumed at the Highland residence, it did not specify the establishments where the meals were consumed. Petitioners *249 determined the amount of such expenditures by multiplying the number of each type of meal times the following standard rates: Type of Meal
Where Consumed
Travel between
St. Louis
Highland
New York and
Metropolitan
Illinois
St. Louis
Area
Residence
Breakfast
$3.50
$3.00
$1.35
Lunch
4.75
4.00
2.15
Dinner
12.00
10.00
4.90
Snack
2.50
2.00
1.60
Petitioners have not explained the source of these standard rates. Petitioners' determination of lodging expense deducted on their returns was based upon their conclusion that Mr. Perfetti resided at the Highland residence, including time paid by the Guard, nonpaid time and travel time, 41.94 and 41.55 percent of 1976 and 1977, respectively. Petitioners then multiplied the respective percentage times the cost of maintaining the Highland residence for each year. OPINION Section 162(a)(2) provides: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- *250 * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. This provision contains three distinct requirements that must be present for a traveling expense deduction to be sustained: (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade.
Whether particular expenditures fulfill these three conditions so as to entitle a taxpayer to a deduction is purely a question of fact in most instances. *251 Commissioner v. Flowers,326 U.S. 465, 470 (1946). Ordinary and necessary travel expenses incurred in traveling between separate places of employment are deductible if incurred in pursuit of business. Kistler v. Commissioner,40 T.C. 657 (1963); Heuer v. Commissioner,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). It does not necessarily follow, however, that the expenses incurred by Mr. Perfetti in traveling between his places of employment are ordinary and necessary business expenses. Deductibility is dependent on whether the travel is undertaken for business reasons. Mazzotta v. Commissioner,57 T.C. 427, 429 (1971), affd. per curiam 465 F.2d 1399 (2d Cir. 1972); Puckett v. Commissioner,56 T.C. 1092, 1098 (1971). "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." Commissioner v Flowers, supra at 474. I. Expenses in Connection with Employment *252 by the Guard
The determination of Mr. Perfetti's primary purpose for incurring expenses (i.e., air fare, travel, meals, lodging, automobile and private aircraft) for travel between his residences in New Jersey and in Highland, Illinois, and the Guard base in St. Louis requires comparison of several factors. The facts that he earned $7,912.72 and $7,454.29 from the Guard in 1976 and 1977, respectively, and that it would have been extremely difficult for him to transfer to another State air national guard unit closer to his home base with Eastern suggest business reasons for incurring these expenses. On the other hand, the facts that he spent approximately 50 and 70 non-Guard duty days at his personal residence with his family in 1976 and 1977, respectively, and that his claimed deductions related to his employment by the Guard in each of those years exceeded his earnings from the Guard suggest personal reasons for incurring such expense. Respondent contends that petitioner's travel expenses are not deductible because they were incurred "primarily" for personal reasons. Section 262. [2] See Commissioner v. Flowers,supra.In addition, respondent argues *253 that certain of the above expenses were not adequately substantiated. Section 274(d)(1). Respondent asserts that this case is "clearly governed" by Dean v. Commissioner,T.C. Memo. 1976-379. In that case, the taxpayer was a first officer for a major airline and was based near New York, New York. The taxpayer was also a member of the United States Air Force Reserve. He was assigned to a reserve unit n New Orleans, Louisiana, when hired by the airline, and successfully effected a transfer to Kansas City, Missouri, approximately 1 year later. In holding that his travel expenses between New York and Kansas City were nondeductible personal commuting expenses, we noted that the taxpayer had made no showing that it was necessary to be assigned to a reserve unit in Kansas City (i.e., that he could not effect another transfer to a reserve unit in the New York area), and that his travel expenses were *254 substantial in relation to the amount of income realized from his employment with the Air Force Reserve. The facts in Dean, however, are distinguishable from the present facts. Mr. Perfetti was a member of a State air national guard unit rather than the Air Force Reserve, and it would have been extremely difficult for him to transfer to another State air national guard unit. Petitioners argue that this situation is governed by Folkman v. United States,615 F.2d 493 (9th Cir. 1980). The taxpayer in that case was a pilot who worked for a major airline principally as a navigator based in San Francisco, California.In order to maintain his proficiency as a jet pilot and to earn extra income, the taxpayer enlisted in the Nevada Air National Guard, the closest air national guard unit to San Francisco with openings for jet pilots. The Nevada Air National Guard required its pilots to reside in the Reno, Nevada, area. Accordingly, the taxpayer and his family moved to Reno. The Court of Appeals determined from the facts found by the lower court that the taxpayer incurred travel expenses between San Francisco and Reno primarily in pursuit of trade or business rather *255 than for personal reasons. In reaching this conclusion, the court noted that "the claimed deductions were modest in light of the National Guard earnings on which taxes were paid." Folkman v. United States,supra at 495, n.5. The facts in Folkman are also distinguishable from those in the present case. Petitioners, unlike the taxpayer in Folkman, claimed deductions related to Mr. Perfetti's employment by the Guard that were anything but "modest" in light of his earnings from the Guard. [3] In fact, such deductions were in excess of such earnings for each of the years at issue herein. Petitioners next argue that, even if Mr. Perfetti's travel between St. Louis and La Guardia was primarily for personal reasons, his expenses in the St. Louis area are deductible under section 1.162-2(b)(1), Income Tax Regs.The pertinent part of that section provides that "expenses while at the destination which are properly allocable to the taxpayer's trade or *256 business are deductible even though the traveling expenses to and from the destination are not deductible." [Emphasis supplied.] This section contemplates expenses properly allocable to a trade or business. Travel expenses (including lodging) that are incurred primarily for a taxpayer's personal convenience rather than the exigencies of business, however, are not properly allocable to a trade or business. See Commissioner v. Flowers,supra at 474. The weight of the evidence leads us to conclude that Mr. Perfetti's travel expenses (including lodging) were incurred primarily for personal reasons rather than in pursuit of trade or business. Petitioners have the burden of proving the amount of travel expenses properly allocable to trade or business, and they have not met that burden. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.Because we so find, it is unnecessary for us to determine whether certain of these travel expenses were adequately substantiated within the meaning of section 274(d)(1). *257 II. Expenses in Connection with Employment by Eastern
Respondent concedes that Mr. Perfetti incurred ordinary and necessary expenses (within the meaning of section 162(a)) for meals in connection with his employment by Eastern. Respondent contends, however, that these expenditures have not been adequately substantiated as required by section 274(d)(1). That section provides: (d) Substantiation Required--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item * * *. [Emphasis added.] Mr. Perfetti maintained a log that noted the date, city, and type of each meal consumed. Respondent argues that because the log does not contain the amount expended on these meals (i.e., the deduction was determined by using a "standard rate" for each type of meal), such expenditures have not been adequately substantiated. Petitioners assert *258 a twofold argument that these meals are deductible. First, petitioners argue that section 1.274-5(c)(2)(iii), Income Tax Regs., requires documentary evidence, such as receipts, only for expenditures of $25 or more. They argue that because most of the expenditures for meals were less than $25, no documentary evidence is required. Petitioners' reliance on section 1.274-5(c)(2)(iii) is misplaced.
Deductions are not allowed for travel expenditures unless the taxpayer adequately substantiates the amount, time, place and business purpose with respect to such expenditures. Section 1.274-5(b), Income Tax Regs. "To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure * * *." [Emphasis supplied.] Section 1.274-5(c)(2)(i), Income Tax Regs.Section 1.274-5(c)(2)(iii), Income Tax Regs., provides the *259 additional requirement that certain expenditures of $25 or more must be documented by evidence such as receipts. Petitioners reason that because "documentary" evidence is not required for meal expenditures of less than $25, that their use of "standard rates" satisfies section 274(d). Such is not the case. Although petitioners need not provide documentary evidence of their meal expenditures of less than $25, section 1.274-5(c)(2)(i), Income Tax Regs., clearly provides that each element (including the amount) of an expenditure must be established by an account book, diary, statement of expense or similar record. The purpose of substantiation is to corroborate petitioner's testimony. Here he has not testified to actual expenditures and has not justified his failure to do so. (He argues undue burden, but we reject that argument.) Petitioners next argue that this Court should estimate the amount of such expenditures under the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). As the House and Senate Committee reports make abundantly clear, section 274(d) was "intended to overrule, with respect to * * * [travel] expenses the *260 so-called Cohan rule." H.R. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741. See Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 1.274-5(a), Income Tax Regs., provides that the "limitation [of section 274(d)] supercedes with respect to any such expenditure the doctrine of Cohan * * *" and "section 274(d) contemplates that no deduction shall be allowed a taxpayer for such expenditures on the basis of such approximations or unsupported testimony of the taxpayer." Petitioners cite Lollis v. Commissioner,T.C. Memo. 1976-15, affd. 595 F.2d 1189 (9th Cir. 1979); and Harris v. Commissioner,T.C. Memo. 1978-332. In Lollis, this Court applied the Cohan rule to determine certain business expenses including cost of goods sold, utilities, depreciation, rent and loans. In Harris, this Court applied the Cohan rule to determine the amount of certain theft losses. The expenditures in both of *261 these cases were other than traveling expenditures and thus the substantiation requirements of section 274(d)(1) did not apply. In the present case, petitioners seek to claim deductions for traveling expenditures based on approximations. We are, therefore, compelled to hold that such deductions are not allowable. See Sanford v. Commissioner,supra at 828; Puckett v. Commissioner,56 T.C. 1092 (1971). III.Private Aircraft Expenses
Petitioners purchased a private aircraft in June of 1976, and claimed an employee business expense deduction for the cost of operating the aircraft (including depreciation) on their 1976 and 1977 returns.Also, petitioners claimed an investment tax credit for the aircraft in 1976. In his notice of deficiency respondent disallowed these deductions and the investment tax credit. Both parties agree that our resolution of the nature of these expenses will determine whether petitioners are entitled to the investment tax credit. Petitioners argue that these expenses are deductible under section 162 as either travel expenses incurred in connection with Mr. Perfetti's employment by the Guard or, alternatively, as *262 education expenses incurred in connection with his employment by Eastern. Because we previously determined that Mr. Perfetti's travel expenses related to the Guard are not deductible (see Issue I, above), we limit our discussion here as to whether the expenses are deductible education expenses. Section 1.162-5(a), Income Tax Regs., provides that educational expenses are deductible as ordinary and necessary business expenses if the education: (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. A taxpayer's operation of a light aircraft may maintain or improve the skills required of him in his employment as a flight engineer. See Boser v. Commissioner,77 T.C. 1124 (1981), *263 on appeal (9th Cir., Jan. 31, 1983). The expenditures for such education, however, must be ordinary and necessary. Section 162(a). "Ordinary" has been defined as that which is "normal, usual, or customary" in the taxpayer's trade or business. Deputy v. DuPont,308 U.S. 488, 495 (1940). A particular activity need not be required by the taxpayer's employer for it to be ordinary. See Carlucci v. Commissioner,37 T.C. 695 (1962). Mr. Perfetti testified that the Cessna has the same basic instrumentation as the Lockheed 1011, and that flying the Cessna helped him maintain the skills required of a flight engineer. Under these circumstances, we find that the costs associated with Mr. Perfetti's piloting of his Cessna aircraft were an ordinary expenditure within the meaning of section 162. "Necessary" has been construed to mean "appropriate" or "helpful," not "indispensable" or "required." Ford v. Commissioner,56 T.C. 1300, 1306 (1971), affd. *264 487 F.2d 1025 (9th Cir. 1973). Inherent in the concept of "necessary" is that an expenditure must be reasonable in relation to its purpose. To the extent that an expenditure is unreasonable, it is not necessary. In such case, only the portion that is reasonable is deductible under section 162. United States v. Haskel Engineering & Supply Co.,380 F.2d 786, 788-789 (9th Cir. 1967). Whether an expenditure is reasonable is a question of fact. Commissioner v. Heininger,320 U.S. 467, 475 (1943); Voight v. Commissioner,74 T.C. 82, 89 (1980).If Mr. Perfetti's sole objective had been to secure the flying experience needed to maintain his skills, such experience could have been secured much more simply and less expensively by merely renting an aircraft from time to time. All but two of Mr. Perfetti's flights in his Cessna aircraft were between Lambert and the airport in Highland, Illinois. The remaining two flights were to an aircraft convention and to an Air Force base to obtain an altitude chamber test.Expenditures *265 for commuting and for other personal trips are clearly nondeductible personal expenses. Section 262; section 1.262-1(b)(5), Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838 (1973); Steinhort v. Commissioner,335 F.2d 496, 503 (5th Cir. 1964), affg. on this issue a Memorandum Opinion of this Court; Foote v. Commissioner,67 T.C. 1, 6 (1976). To the extent that the expenses of operating the Cessna aircraft were attributable to such purposes, such expenses are not deductible. In Boser v. Commissioner,supra, we held that the expenses of operating a private aircraft by a flight engineer for a major airline equivalent to the minimum requirements (i.e., number of flight hours) for keeping current a commercial pilot's license with an instrument rating according to FAA regulations were reasonable. We also held that the balance of such expenses were nondeductible personal expenditures under section 262, citing Fausner v. Commissioner,supra.Unfortunately, the record *266 before us contains no reference as to the minimum number of flight hours required by the FAA to keep current a commercial pilot's license with an instrument rating, nor is there any reference as to whether any of the hours flown in the Cessna by Mr. Perfetti contributed to keeping his commercial license current.Indeed, Mr. Perfetti's flight hours with the Guard may have satisfied these minimum FAA requirements. Petitioners have the burden of proving the extent to which they incurred deductible expenses for maintaining or improving Mr. Perfetti's skills relating to his employment as a flight engineer. Welch v. Helvering, supra.It is clear that not all of his flying of the Cessna aircraft was necessary for such purpose, and they have offered no evidence showing what portion of his flying was reasonably related to the maintenance of such skills. Under these circumstances, any doubts must be resolved against them. Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930); Hoover v. Commissioner,35 T.C. 566 (1961). Accordingly, we hold that petitioner's expenses relating to their Cessna aircraft are nondeductible personal expenditures. *267 Section 262. In summary, we note that petitioners may have been entitled to some deductions for travel expenses relating to Mr. Perfetti's jobs with Eastern and with the Guard that have not been allowed due to lack of substantiation or failure to provide evidence adequate to allocate the amount incurred to business or personal expense. In this regard we can only say that the result is essentially a consequence of overreaching by petitioners. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. SEC. 262.PERSONAL, LIVING, AND FAMILIES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Compare Dean v. Commissioner,T.C. Memo. 1976-379↩, n. 4.